Mr. Laird is a Marine who spent two and a half years in Vietnam where his job was piecing together bodies to identify them. He identified over 2,000 dead Marines, including some of his friends. This appeal concerns his resulting psychiatric disorder, which he claimed in 2000. He was service-connected for the psychiatric disorder, but he appealed his rating. The board mistakenly treated his request for an appeal as an increased rating claim. This matters because it changed the record under review. Appeals of initial ratings decisions need to be decided based on all the evidence of record. In this case, because the board thought it was considering a claim for increase, it limited its review to the 12 months before the claim for increase, which is also called the one-year look-back period. But the question is harmless error. And isn't that an application of law to fact? And do we therefore not have jurisdiction? You have jurisdiction. There are two reasons. The court made a mistake of law when it rubber-stamped the board's use of the limited look-back period. But also the board, or the Veterans Court, exceeded its jurisdiction. That gets to whether it's a harmless error. You say, the board made a mistake, but is it harmless? And doesn't that require going into the facts? So, the board, it's not a factual, I mean, it's not an evaluation of facts. It's only an evaluation of the facts to the extent that these factual findings are a product of a mistake of the law. But, okay, so just going back to this. So, the Veterans Court says that the board erred, should have considered this as a notice of appeal, right? Yes. A notice of disagreement. And then says, but it doesn't matter anyway because the veteran would not have been successful in getting an earlier effective date, right? Correct. And you say that in doing that, the Veterans Court considered all the evidence. And so, how can we say that there's an error? You know, how can we review the harmless error determination? I'm having a hard time with that same question. So, the Veterans, are you asking whether the Veterans Court found? I'm trying to figure out if we have jurisdiction. And specifically, I'm asking how can we review the harmless error determination by the Veterans Court when it's a question of application of fact, I mean, law of fact. It's not an application of law of fact. It's a question of law of whether the Veterans Court chose to use the correct law, the law for the appeals or the law for increased ratings. And another way to phrase it is when the board, or when the Veterans Court found that the board could have reached the same conclusion on other permissible grounds. And it does say these words, other permissible grounds. Well, we know that the board conducted a limited evidence review. So, the Veterans Court was saying the board's findings, somehow, whatever it found, would have been on permissible grounds. Well, it was never permissible grounds because it was conducted in the context of this limited look back period. So, the board, or the Veterans Court was rubber stamping the board's use of the limited look back period. Is your contention that the board didn't review? Your whole claim, as I understand it, turns on the proposition that the board ignored the June 11, 2011 exam. Is that correct? Yes. But if you look at the record, and I'm not, I can't get into the facts here, but the proposition is you look at the record, look at pages 1450, 2024 through 2028. There are certainly there are references to the June 11, 2011 exam. June 2011 exam, because June 9th was the exam. And wasn't that before the board? How can you say it wasn't considered? Because the board made explicit at the bottom of Appendix 17, in the last full sentence, that it had limited review of the evidence to evidence that was received within one year prior to the date of the receipt of the October 2012 claim. It has told us that it did not review any evidence before October 2012, or before October 2011. But what do we do with the references, though, that I cited to that exam, the June 2011 exam? So, where are the references coming from again? It's pages, let's see, 1450 of the appendix, 2024, and 2026 through 2028. These are prior, I think 1450 is a board reference. The board refers to it. And the other sites are examinations that were before the board. Those are prior board decisions?  The board needed to reconsider in this decision, because this was a different question. They were looking at different issues in the prior board decisions. Now that they've reached the question of whether this October 2012 filing was an appeal or a rating decision, the questions of what's relevant changed. But doesn't, I guess getting back to the discussion you were having with Judge Lurie and Judge Stone, it seems to me that just our colloquy here that we're having really seems to make it clear that we're talking about application of law to fact. I mean, it's hard for me, given the dialogue we've been having, to conclude that this isn't application of law to fact. This whole question of the June 2011 exam not being considered. That's the whole crux of that point, right? We would respectfully disagree, and I want to turn now to the question about the fact-finding error. That's in the statement where the board says because that finding remains intact, there's no way for Mr. Laird to obtain an effective date, right? But isn't that just a situation of the court commenting on the evidence? Here's what the evidence says. I don't see a fact-finding there by the court, which is what your complaint is, right? Yes. Explain where the board there, I'm sorry, where the court there is making an impermissible fact-finding. When the court says that there's no way for Mr. Laird to obtain an effective date earlier than what has already been awarded, the board told us that it had not looked at that June 2011 exam. In order for the Veterans Court to find there was no way that he could have received an earlier effective date, it necessarily had to have reviewed that exam. There's no other way. But there's no indication that there was a review of that exam by the Veterans Court. I mean, it just seems to me the Veterans Court is commenting on the finding with respect to the October, was it 2013, where they said here was where the 70% rating was established, right? It just seems to me that what you have here is the Veterans Court just in light of that commenting on the evidence, not making a finding on its own. No, this was a finding. The finding that there was no way he could have received an earlier effective date than what was already awarded. The board didn't even consider that question. The board didn't consider whether the effective date for his increase could have gone back to 2010. The board never found that. They never got to that question. Therefore, it had to be found by the Veterans Court for the Veterans Court to say there's no way for an earlier effective date. So, the board talks about a case, Gaston v. Shinseki. It's easy to read Gaston as requiring a review of the whole record, but it doesn't say that. Gaston says the board looks at the one-year look-back period to see if the increase happened in that one year, and if it didn't, the analysis stops there because at that point, any earlier evidence is immaterial because it can't lead to an earlier effective date. It would be illogical to continue reviewing records before that date under Gaston. That's how we get to that the board has not considered any of this previous evidence. Anything further? So, the Veterans Court caught the board's error, but it didn't fix the consequences of that error. The result was Mr. Laird didn't get the benefit of a full evidence review, and he lost his right to have one appeal to the board about his initial rating decision under 38 U.S.C. 7104A. We're asking this court to vacate the Veterans Court decision, remind the Veterans Court it can find facts in the first instance, and to remand to the board to review all of the evidence of record. We will save the remainder of your time if you wish for rebuttal. Thank you. Ms. Koenig. Good morning, Your Honors, and may it please the Court. The question before this court is whether the Veterans Court abused its discretion in concluding that there was harmless error here because Mr. Laird did not properly challenge the board's factual finding. The Veterans Court did not abuse its discretion in making that determination in concluding that Mr. Laird did not challenge the factual finding that Mr. Laird's entitlement arose as a result of the 2013 examination, and therefore that the earliest effective date would have been October of 2013, although they gave benefits for one year prior to that. Here in this court. He challenged that he had filed, in fact, a notice of disagreement, but never challenged the findings of the board below. Other findings, including when the entitlement arose. Mr. Laird challenged the nature of the claim, whether it was a notice of disagreement or a supplemental claim, but did not explain what the result of that or what the remedy for that should have been or what the consequences of that might be. He did not actually challenge the factual determination that the board made. And the Veterans Court looked to the arguments that Mr. Laird made and concluded that the contentions regarding the 2011 examination were not made in the initial briefing and that his argument for motion for reconsideration relies entirely on legal arguments that were not presented before the Veterans Court in the first instance. And that's a question of application of law to fact? That's correct, Your Honor. It's the failure of Mr. Laird to challenge that factual finding that leads the Veterans Court to find harmless error. The Veterans Court's not doing fact-finding in itself. It's simply standing on the board's factual finding that Mr. Laird did not challenge. And that's well within this court's precedent to conclude that that is an application of law to fact. And that is stated in all of the case law in our brief. And I think it's telling that Mr. Laird in his opening brief explains, I think it's page 16, that this might have mattered because he might have been entitled to a 30 percent rating. The consequence of Mr. Laird possibly being entitled to a 30 percent rating was something that was not raised in the brief to the Veterans Court. And so, again, the Veterans Court here just simply did not abuse its discretion in making our harmless error analysis. And that's a question of law to fact for us? Correct, Your Honor. For this court, that is squarely an application of law to fact. This court does not have jurisdiction to address. So unless Your Honors have further questions, we would stand on our briefs and ask the court to dismiss the appeal for lack of jurisdiction or otherwise affirm. Thank you, Counsel. Thank you, Your Honors. Ms. Malinowski has some rebuttal time if you need it. Thank you. So the fact finding in this case, it was a product of a legal error, the foundational legal error of what the record review was. To the issue that he didn't raise this evidence review to the Veterans Court, he didn't have to ask the Veterans Court to use the right legal framework. The law requires a legal framework to change, and the Veterans Court has to apply the law. 38 U.S.C. 7261.0a says the Veterans Court shall set aside decisions that are not in accordance with law. To one of the questions, Judge Schall, that you asked earlier, what about these prior board decisions that had talked about the 2011 exam? 7104.a requires a de novo review. The board will conduct a de novo review. So whatever the prior board said about these exams, it still needs to be reviewed de novo by the board in this instance. One sort of housekeeping question. There are references in all those exams and statements referred to a 2010 exam. I think the parties agreed that was an error. They were actually references to the 2011 exam, correct? Well, we don't know. We don't know. Because there's no 2010 exam on the record. We don't know what was in front of the board. Okay. And in any event, even if the 2013 exam was talking about the 2011 exam, it was talking about the 2013 exam said his symptoms increased from the 2010 exam, but it didn't say it increased from what baseline. The 2013 exam doesn't say anything about where he started from in 2010. And finally, I would just reiterate that the board cited Gaston V. Shinsake. Because it cited Gaston V. Shinsake, we know that the board didn't review his 2011 exam. Under Gaston, when you're looking at an increased claim, the first thing the board does is look at the 12 months before the claim for increase. If there's no increase within that 12 months period, then that analysis stops there because there's no way that any evidence prior to that period is going to get an earlier effective date. So simply that the board told us they've conducted this limited review under Gaston tells us that they have not evaluated the 2011 exam. And unless there are any further questions. Thank you to both counsel, the case is submitted.